## HUGHES, ET AL. v. GARRETT, ET AL.

1. A surety in a claim bond, in which the principal is trustee for a *feme covert*, has no equitable right to prevent the *feme covert* from removing the property, covered by the condition of the bond, out of the State, previous to a forfeiture of the condition.

Appeal from the Court of Chancery for the 39th District.

THE case made by the bill is this :

Certain executions had been levied on slaves as the property of Warner Washington, a citizen of Cherokee county, which were claimed by William Garrett, jr., as trustee for Arianna Washington, the wife of Warner Washington ; and this claimant, on the 9th August, 1841, gave the claim bonds required by law, to which he procured Hughes and McCluny, the complainants, to execute as his sureties. The suit growing out of this claim is yet pending.

One of the slaves covered by the condition of the bond, had been removed before the time of filing the bill, and the others were then in the possession of Arianna Washington, the *cestui que trust*, and of her husband, who were about to remove the slaves out of the State, to parts unknown. That Garrett, the claimant is insolvent, and connives at the removal of the slaves, or

at least is unwilling to do any thing to prevent their removal, and is unable to respond to the complainant in damages, if the claim is determined against him. The prayer of the bill is, for an injunction against removing the slaves out of the State, and for their seizure, as in case of attachment, repleviable however if bond shall be given for the delivery of the slaves, to answer the requisitions of the law, when the claim shall be determined.

Garrett, Washington and his wife, the creditor at whose suit the slaves were levied on, and the co-defendants of Washington, in those suits are made parties defendant.

An injunction and attachment were directed by the order of a Circuit Judge, but the Chancellor, on motion of the defendants, dismissed the bill for want of equity. This is assigned as error.

L. E. Parsons, for the appellants, admitted he was unable to cite any case in which a Court of equity had interposed for a surety, before the maturity of the engagement of his principal, but argued, that relief was due in every instance of fraud, and the removal of the slaves under the circumstances set out in the bill is a fraud on the sureties. In Benson v. Campbell, 6 Porter, 457, the Court seemed to consider that a surety was entitled to relief, if the principal is non-resident. If this was a debt, an attachment at the suit of the creditor would lie, and there is no reason why the surety should not have a similar remedy in equity. He also cited Rives v. Wilborne, 6 Ala. Rep. 47 ; Campbell v. Macomb, 4 John. C. 534.

W. B. Martin, contra.

GOLDTHWAITE, J.—It seems to us impossible to sustain this bill, upon any recognized principle of equity. The case made by the bill is, in effect, nothing more than a statement by the complainants, that the confidence they had in the integrity of the principal 'in the bond, when it was executed, has ceased to exist, and the only relief prayed, or indeed which can be given, is, that they may be' indemnified by some counter security. It is evident if such a course could be sustained, that every dissatisfied surety would go into equity for the indemnity which he might, in the first instance, have stipulated for. There is no analogy between the principle asserted here, and that which governs bills

Hughes, et al. v, Garrett, et al.

*quia timet.* Although these may be brought when the party fears some future probable injury to his rights or interests, [2 Story's Eq 155,] yet it is believed no case has ever held, that one would lie where the bill of the complainant depends upon a contingency which may never happen. It is said by the text books, though there are few cases in which a man is not entitled to perpetuate the testimony of witnesses, yet, if upon the face of the bill, the plaintiff appears to have no certain right, or interest in the matter, to which he craves leave to examine, in present or in future, a demurrer will hold. [Mitford, 156 ; Story's Eq. Pl. § 261.]

In the present case, it may be there never will be a necessity to produce the slaves, as it is uncertain how the judgment will be in the claim suit; and until that is determined, the surety seems to be entitled to no indemnity from his principal, in the absence of all stipulations between them. One ground upon which equity will permit a bill by a surety to compel his principal to pay the debt, or perform the duty after the maturity of the obligation is, that then the principal is in default, and the surety is not required to await the action of the creditor, because in the mean time he may suffer irremedial injury. Though relief could doubtless be had upon the more general principle stated in the cases. [Lord Ranelagh v. Haynes, 1 Vern. 180 ; Lee v. Rank, Mosley, 318.]

The case of Antrobus v. Davis, 3 Merrivale, 569, is very similar to that made by this bill. There the Colonel of a Regiment having taken a bond of indemnity from his agents, with another as surety, in respect to all charges, &c. to which he may become liable by their default; the agents afterwards became bankrupt, and the government having given notice to the representatives of the Colonel, he being dead, of a demand upon his estate, by virtue of an unliquidated account, a bill by his representatives, against the representatives of the surety, to pay the balance due to the government, and also to set aside a sufficient sum out of their testator's estate to answer future contingent demands, was dismissed, although attempted to be supported on the principle *quia timet.* Sir William Grant, Master of the Rolls, significantly asks the question, " Can a surety say to his principal, bring money into Court, by way of deposit, because it may eventually turn out that a debt may be found to be due by the principal,

for which the surety may become answerable?" [See, also, Campbell v. McComb, 4 John. C. 534.] If the answer is, that he cannot, which we do not doubt, it applies equally to the performance of a duty which is contingent only.

We think the bill was properly dismissed, as it contains no equity. Decree affirmed.